IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY CO. | * | |
| | * | |
| v. | * | Civil No. – JFM-15-1353 |
| | * | |
| SEGUNDO GARCIA, ET AL. | * | |

******

## MEMORANDUM

This is an action for declaratory judgment filed by State Farm Fire and Casualty Company seeking a declaration that it has no duty to defend or any liability in a civil law suit filed in this Circuit Court for Baltimore City arising out of a dog bite incident. Defendants are Nicholas Bidniuk, the plaintiff in the underlying Baltimore City action and all of the defendants in that action, including Anjelica Sanchez and Segundo M. Garcia, the owners of two pit bulls (Max and Junior) who allegedly bit Bidniuk, Deli Latino, and MG Flooring, LLC, two businesses allegedly operated by Sanchez and Garcia, and Andreas Tamaris and Raymond Andrewlavage, who allegedly leased to Sanchez, Garcia, Deli Latino, and MG Flooring the premises at 3133 Eastern Avenue in Baltimore City, where the bite occurred. In this action State Farm has joined as an additional defendant Peek Properties, LLC, the alleged owner of 3133 Eastern Avenue. Garcia, Sanchez, Deli Latino and MG Flooring, have not appeared in this action. Bidniuk has filed an answer and counterclaim. Tamaris, Andrewlavage, and Peek Properties, LLC ("the Landlord defendants") have filed a motion to dismiss. The motion is granted, and this action will be dismissed as to all defendants (including Bidniuk).

I.

Garcia and Sanchez allegedly reside on the second floor of 3133 Eastern Avenue, and they allegedly are the owners of Max and Junior. Deli Latino and MG Flooring, LLC, are operated on the first floor of 3133 Eastern Avenue.

According to the allegations in the underlying Baltimore City complaint, Bidniuk was delivering materials to Matthew's Pizza, a property adjacent to 3133 Eastern Avenue. Max and Junior were in the rear yard of 3133 Eastern Avenue. Bidniuk and other persons in Matthew's Pizza heard the sound of dogs barking and banging against the gate coming from the rear of 3133 Eastern Avenue. The manager of Matthew's Pizza went to Deli Latino and/or MG Flooring and stated that Max and Junior were attempting to escape through the gate of the rear yard and requested that the dogs be brought inside. Max and Junior were then brought inside. Soon thereafter, Bidniuk returned to the back alley to get more materials to bring into Matthew's Pizza. Max and Junior were released and escaped through an opening in the gate. They bit Bidniuk all over his body.

According to the allegations in the complaint in this action, State Farm provided business owners insurance coverage to MG Flooring, LLC and Deli Latino. Previously, they had provided renters' insurance to Sanchez and Garcia but no longer did so as of the date of the incident.

II.

Before the filing of either of the law suits, a State Farm representative took a recorded statement from Anjelica Sanchez in which she appeared to indicate that the dogs were not allowed into the businesses operated on the first floor of 3133 Eastern Avenue, that the dogs usually stayed inside or in the living room of the residence of the second floor, and that they went into the back yard from stairs that were accessible from the second floor residence.

III.

Max and Junior were in the back yard of 3133 Eastern Avenue. Max and Junior allegedly escaped and bit Bidnuik. The identity of the owners of Max and Junior may not be relevant. If, as alleged, Garcia and/or Sanchez had control over the dogs at the premises of Deli Latino or MG Flooring and let them out into the yard, and knew of the dangerous propensities of the dogs, ownership of the dogs would seem to be immaterial. The manager of Matthew's Pizza allegedly entered into Deli Latino and/or MG Flooring to advise that Max and Junior were attempting to escape through the gate of the rear yard and requested the dogs be brought inside; thereafter the dogs allegedly were released back into the yard. Under these circumstances, and in light of the governing principle of Maryland law that insurer must defend an action "if there is a potentiality that the claim could be covered by the policy," *Brohawn v. Transmerica Inc. Co*, 276 Md. 396, 408, 347 A.2d 842, 850 (1975), State Farm has a duty to defend Garcia and Sanchez in the Baltimore City action pursuant to the business owners policy. The issue of whether Sanchez and Garcia can be held liable as business owners (as opposed to being the owners of Max and Junior) can and will be determined in the Baltimore City action.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: 9/18/15

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 SEP 18 AM 11:56

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY